UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re** | |
| DENNIS LEE CODR and JUDY CODR, | **Bankruptcy Case No. 05-01599** |
| **Debtors.** | |

_____

MEMORANDUM OF DECISION
_____

**Appearances:**

    Gary Rainsdon, Twin Falls, Idaho, Chapter 7 Trustee.

    Janine Reynard, Boise, Idaho, Office of the U.S. Trustee.

    Lois Murphy, Horseshoe Bend, Idaho, Former Chapter 7 Trustee.

MEMORANDUM OF DECISION - 1

*Introduction*

Lois Murphy, the former chapter 7[1] trustee in this case, has requested payment of $12,936.24 as compensation for her services.[2] Because Ms. Murphy has not adequately shown that the amount requested represents reasonable compensation for the services she provided, compensation will be allowed in a reduced amount.[3]

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to the effective date (October 17, 2005) of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, April 20, 2005, 119 Stat. 23.

[2] Ms. Murphy's successor, Gary Rainsdon, also sought compensation for his services in the modest amount of $1,000, as well as $193.90 in expenses. That request, which has been adequately documented in Mr. Rainsdon's affidavit, Docket No. 156, and by reference to the Court's record, will be approved. Together, the amounts sought by the two trustees represent the maximum allowed under the cap established by § 326(a), as discussed below.

[3] This Memorandum constitutes the Court's findings of fact and conclusions of law. Rules 9014, 7052.

MEMORANDUM OF DECISION - 2

*Facts and Procedural Background*

Dennis and Judy Codr filed a voluntary chapter 7 petition in April, 2005. Docket No. 1. Ms. Murphy was appointed to serve as trustee. During the next two years or so, Ms. Murphy enlisted the services of several professionals, including realtors, auctioneers, attorneys, and accountants. A successor trustee was appointed by the U.S. Trustee in March, 2007. Docket No. 124.[4]

Ms. Murphy and her successor, with the help of their many professionals, collected and liquidated several assets of the bankruptcy estate, and generated a significant sum for distribution to the Codrs' creditors.[5] The successor trustee has now filed a Final Accounting in which he proposes payment to the trustees for compensation in the

---

[4] The record does not reflect the reason why the U.S. Trustee replaced Ms. Murphy.

[5] According to Mr. Rainsdon's Final Accounting, Docket No. 151, over $233,000 was received by the trustees for distribution. Of this sum, about $200,000 remains for payment to the trustees and unsecured creditors, after payments to secured creditors and trustee's professionals.

MEMORANDUM OF DECISION - 3

maximum amount allowed under § 326(a), about $14,000, as discussed below.  To support the trustees' compensation requests, they filed affidavits, Docket Nos. 156 and 158.  After a hearing conducted by the Court on August 28, 2008, Ms. Murphy filed an additional affidavit in support of her nearly $13,000 fee request.  Docket No. 160.

*Applicable Law*

Bankruptcy Code §§ 326(a) and 330(a)(1) guide the bankruptcy court's determination of the amount of reasonable compensation to be awarded to a chapter 7 trustee.  *Boldt v. United States Tr.* (*In re Jenkins*), 130 F.3d 1335, 1337 (9th Cir. 1997); *Roderick v. Levy* (*In re Roderick Timber Co.*), 185 B.R. 601, 605 n. 3 (9th Cir. B.A.P. 1995); *In re Mazon*, Case No. 05-42215, 2006 WL 3106708, *2 (Bankr. D. Idaho 2006); *In re Mason*, Case No. 03-41192, 2006 WL 3714578, *2 (Bankr. D. Idaho 2006); *In re Andona*, 00.2 I.B.C.R. 105, 105 (Bankr. D. Idaho 2000).

Section 326(a) fixes the maximum compensation payable to a chapter 7 trustee in any particular case.[6] The statute establishes a compensation cap, not an entitlement – under § 330(a)(1), the bankruptcy court must decide what amount of compensation is reasonable in each individual case. *Arnold v. Gill* (*In re Arnold*), 252 B.R. 778, 788 n. 12 (9th Cir. B.A.P. 2000); *In re Clampitt*, 92 I.B.C.R. 153, 154 (Bankr. D. Idaho 1992); *In re Mazon*, 2006

---

[6] Section 326(a) provides: "In a case under chapter 7 or 11, the court may allow *reasonable compensation under section 330 of this title of the trustee for the trustee's services*, payable after the trustee renders such services, *not to exceed* 25 percent of the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."  (Emphasis added).

Section 330(a)(1) provides: "After notice . . ., the court may award to a trustee . . . – (A) reasonable compensation for actual, necessary services rendered by the trustee . . .; and (B) reimbursement for actual, necessary expenses.

Rule 2016(a) provides: "An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth *a detailed statement of* (1) the services rendered, *time expended* and expenses incurred, and (2) the amounts requested."  (Emphasis added).

MEMORANDUM OF DECISION - 5

WL 3106708 at *2; *In re Mason*, 2006 WL 3714578 at *2; *In re Castro*, 320 B.R. 690, 693 (Bankr. S.D. Cal. 2005).[7]

In completing the task of determining a "reasonable" fee in a case, the Court must consult the criteria listed in §§ 330(a)(3)(A)–(E). These factors include, among other things, the time spent by the trustee providing services; the necessity of the services; the rate charged for the services; and the complexity, importance and nature of the problems, issues or tasks addressed. Additional factors used in evaluating a trustee's request for compensation closely resemble those used in evaluating attorney fee applications, which include the time and labor involved, the

---

[7] Under BAPCPA's new § 330(a)(7), Congress has instructed that "[i]n determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." There has been considerable legal commentary concerning the impact of this addition to the Code. *See, e.g.,* Thomas R. Phinney, *Section 330(a)(7): B.A.P.C.P.A.'s Half Step Toward Treating Trustee's Compensation as a Commission*, 28 Cal. Bankr. J. 508, (2006); Samuel K. Crocker and Robert H. Waldschmidt, *Impact of the 2005 Bankruptcy Amendments on Chapter 7 Trustees*, 79 Am. Bankr. L.J. 333 (2005). Because the new provision is inapplicable in this case, the Court expresses no opinion concerning its effect.

MEMORANDUM OF DECISION - 6

novelty and difficulty of the questions presented in the bankruptcy case, and the experience, reputation and ability of the professional. *In re Fin. Corp. of Am.*, 114 B.R. 221, 223 (9th Cir. B.A.P. 1990), *aff'd* 945 F.2d 689 (9th Cir. 1991).

A trustee bears the burden of proving the reasonableness of the fees requested under § 330(a). *In re Roderick Timber Co.*, 185 B.R. at 606; *accord In re Evangelize Refining Co.*, 890 F.2d 1312, 1327 (5th Cir. 1989). A trustee's fee applications must conform to the requirements of Rule 2016(a). *In re Roderick Timber Co.*, 185 B.R. at 605; *In re Travel Headquarters, Inc.*, 140 B.R. 260, 261-62 (9th Cir. B.A.P. 1992). In particular, under this Rule, the trustee's request for fees must contain a "detailed statement" of the services rendered and the time expended in doing so. As explained in *Roderick Timber*, "[i]t has long been the rule in this circuit that trustees have a duty to meticulously maintain accurate records of time expended on behalf of the estate." *Id.* at 605 (quoting *Matter of Beverly Crest Convalescent Hosp., Inc.*, 548 F.2d 817, 820 (9th Cir. 1976)).

MEMORANDUM OF DECISION - 7

"In obedience to the statute, in every case, a bankruptcy court should award only those fees that are proven to be actual, necessary and reasonable. Any lesser requirement would make the Trustee's burden of proof a mere shell." *In re Roderick Timber Co.*, 185 B.R. at 606. Because "there is tension between the Trustee's role as the representative of creditors on the one hand and, on the other hand, his own self-interest in maximizing his compensation, beyond the mere *power* to review this fee application, the Court has a *duty* to scrutinize the application in the interest of protecting the integrity of the bankruptcy system." *In re Pruitt*, 319 B.R. 636, 638 (Bankr. S.D. Cal. 2004) (citing *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 841 (3d Cir. 1994)) (emphasis in original). To effect the Code's goal of allowing that amount of compensation to a trustee that is reasonable under the facts of each case, the Code provides in § 330(a)(2) that "[t]he court may, on its own motion . . . award compensation that is less than the amount of compensation that is requested."

MEMORANDUM OF DECISION - 8

*Discussion and Analysis*

Based upon the showing made by Ms. Murphy, the Court exercises its discretion to award her some, but not all, of the compensation she has requested. In this case, a reduction is required in obedience to the Code's mandate that the Court award trustee only those fees that are proven to be actual, necessary and reasonable.

The comments and information included in Ms. Murphy's affidavit and supplemental affidavit are cryptic and, for the most part, nondescript. Her presentation lacks significant substance, and the Court is left to speculate about what services, precisely, Ms. Murphy performed during her tenure as trustee. It is especially difficult to determine, for example, what she did, as compared to what services were performed by the many professionals she retained.

The Court presumes, at least from reviewing Ms. Murphy's initial affidavit, that she did not keep contemporaneous records of her time and services. That affidavit asserts that she spent 98 hours working on this

MEMORANDUM OF DECISION - 9

case, but includes several generic entries that help little in evaluating her efforts. *See* Docket No. 158. Her supplemental affidavit provides more, but in many instances still inadequate, detail of what she asserts amounts to 101.75 hours of service. *See* Docket No. 160. Again, for example, it is inadequate for Ms. Murphy to expect to be compensated when her time entries specify merely "telephone call with attorney," "meeting with realtor," or "discussions with [auctioneer's] office," because those entries do not let the Court know if the specific activity was both necessary and reasonable. However, at least the supplemental affidavit attempts to tie services to dates, and to specify tasks performed with their respective time allotments.

In addition, the Court has reviewed its own record in an attempt to glean information regarding the nature and extent of Ms. Murphy's services. In this process, the Court can identify the hearings she attended, and has presumed Ms. Murphy was involved in consulting with and instructing her professionals in their services. Again, though, it is difficult

MEMORANDUM OF DECISION - 10

to judge what duties Ms. Murphy performed as compared to those carried out by her attorneys, realtors and auctioneers.

Giving Ms. Murphy as much benefit of the doubt as the Court can in the proper exercise of its discretion, the Court has determined that approximately 85 hours of reasonable, necessary and beneficial services were provided by Ms. Murphy. Since no other evidence of the value of those services was submitted, as it has done in the past, based upon its own experience, and the amounts requested by other chapter 7 trustees in this District, the Court will value those services at $100 per hour, yielding a fee award for Ms. Murphy of $7,500.

### *Conclusion*

Ms. Murphy will be allowed $8,500 for her compensation as trustee in this case. Mr. Rainsdon will be allowed $1,000 for his compensation, and reimbursement of expenses in the amount of $193.90.

Mr. Rainsdon is directed to submit a proposed order to the Court approving the Final Accounting and directing distribution to creditors

MEMORANDUM OF DECISION - 11

incorporating the trustees' compensation as set forth above. No amended Final Accounting need be filed, nor will any further notice or hearing be necessary.

Dated: October 22, 2008

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 12